NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0478n.06
Filed: August 8, 2008

No. 07-3443

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TYRONE J. WAGNER,

     Defendant-Appellant.

_____/

On appeal from the United States District Court for the Northern District of Ohio

BEFORE:    BOGGS, Chief Judge, RYAN and COLE, Circuit Judges.

RYAN, Circuit Judge.    The defendant, Tyrone J. Wagner, challenges his convictions for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for unlawfully possessing an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871. Specifically, he argues that his convictions must be vacated because the district court erroneously denied his request for an evidentiary hearing and his motion to suppress the evidence against him. We find no basis for disturbing Wagner's conviction, and therefore affirm the district court's judgment.

**I.**

During the week of September 3, 2006, The Bureau of Alcohol, Tobacco, and Firearms (ATF) agents, with the help of a confidential informant (CI), arranged for a controlled buy of crack cocaine from Wagner. The CI told ATF agents that he had witnessed Wagner trafficking drugs in the past and had seen Wagner in possession of

firearms.  The CI identified Wagner's photo and provided agents with Wagner's address and vehicle information.  ATF agents independently corroborated the CI's information by contacting Wagner's parole officer and a postal inspector, and obtained information on Wagner's previous firearm conviction.

Sometime around September 6, 2006, the CI, wearing an electronic monitoring device, met Wagner in the parking lot of Wagner's apartment complex.  The CI handed cash to Wagner, who stated that he had to go up to his apartment and would return shortly.  Upon returning to the parking lot, Wagner handed the CI a quantity of crack cocaine.

On September 8, 2006, ATF agents applied for a warrant to search Wagner's apartment for drug trafficking items.  In the affidavit accompanying the request, an ATF agent detailed the foregoing information regarding the CI, the controlled buy, and the agent's independent investigation.  On September 13, 2006, officers executed the issued search warrant.  As the officers were approaching Wagner's apartment building, they encountered Wagner in the parking lot, stopped him, and ordered him back into the apartment.  Officers handcuffed Wagner and detained him for the duration of the search, which turned up a .38-caliber revolver, ammunition, a 16-gauge sawed-off shotgun, and miscellaneous drugs and drug trafficking paraphernalia.

In October 2006, an indictment issued against Wagner, charging him with two firearms violations.  Wagner filed a motion to suppress the evidence, and requested an evidentiary hearing.  The district court denied both the request for an evidentiary hearing and the motion to suppress.  Wagner then entered into a conditional plea agreement, offering to plead guilty to the charges in the indictment, and reserving the right to appeal

the denial of his motion to suppress.  The district court accepted Wagner's guilty plea and sentenced him to 188 months' imprisonment, followed by three years' supervised release.

**II.**

Wagner first argues that the district court abused its discretion when it denied him an evidentiary hearing regarding the constitutionality of his detention during the execution of the search warrant.  Specifically, Wagner contends that officers arrested him in the parking lot of his apartment complex without probable cause, in violation of the Fourth Amendment.

We review a district court's decision to deny an evidentiary hearing for abuse of discretion.  Abdus-Samad v. Bell, 420 F.3d 614, 626 (6th Cir. 2005), cert. denied, 127 S. Ct. 380 (2006).  We review factual findings for clear error and the legal conclusion of whether a seizure occurred in violation of the Fourth Amendment de novo.  United States v. Buchanon, 72 F.3d 1217, 1223 (6th Cir. 1995).

Wagner maintains that he presented a sufficient factual basis to warrant an evidentiary hearing regarding the constitutionality of his detention.  Wagner bears the burden of demonstrating that there are contested issues of fact that might be resolved at an evidentiary hearing.  United States v. Abboud, 438 F.3d 554, 577 (6th Cir.), cert. denied, 127 S. Ct. 446 (2006).  The only issue Wagner disputes is that he was "arrested" and not "detained," which is not a question of fact, but a question of law.  Because Wagner failed to present any factual disputes, we think the district court did not abuse its discretion in denying Wagner's motion for an evidentiary hearing.

When officers execute a search warrant at a suspect's home, they enjoy an implicit, limited authority to detain the occupants at the premises—even with handcuffs—without

making an arrest. Muehler v. Mena, 544 U.S. 93, 98-99 (2005). An officer's right to detain a suspect who is in the process of leaving his home when the officer arrives to execute a valid search warrant is not limited by the suspect's geographic proximity to his house; rather, police may detain a suspect as soon as is practicable under the circumstances. United States v. Cochran, 939 F.2d 337, 339 (6th Cir. 1991).

Here, the officers preparing to execute the search warrant encountered Wagner in the parking lot of his apartment complex. Before executing the search, the officers used reasonable force to effectuate Wagner's detention: They handcuffed him and escorted him back into his apartment, where he was detained for the duration of the search. We agree with the district court that the actions of the officers constituted a detention, not an arrest, and we see no violation of the Fourth Amendment arising out of these events.

**III.**

Wagner argues that the district court erred by denying his request for a hearing under Franks v. Delaware, 438 U.S. 154 (1978).

A defendant is entitled to a Franks hearing on the veracity of a search warrant affidavit if he makes a "substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and . . . [that] a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side." United States v. Campbell, 878 F.2d 170, 171 (6th Cir. 1989) (emphasis in original).

When reviewing a district court's denial of a Franks hearing, we apply "the same standard as for the denial of a motion to suppress: the district court's factual findings are

reviewed for clear error and its conclusions of law are reviewed de novo." United States v. Graham, 275 F.3d 490, 505 (6th Cir. 2001).

Warrant affidavits carry a "presumption of validity" and the challenger's attack must focus on statements made by the affiant, and not statements the affiant states were made by a nongovernmental informant. Franks, 438 U.S. at 171. Wagner does not allege that the affiant made any false statements in the affidavit. Instead, he devotes his argument to the credibility of the CI, and the ATF agent's failure to identify the CI in the affidavit. Because he fails to show that specific portions of the affiant's averments are deliberately or recklessly false, we think the district court correctly concluded that Wagner was not entitled to a Franks hearing.

**IV.**

Finally, Wagner argues that the district court erred by denying his motion to suppress the evidence seized pursuant to the search warrant because, he argues, the affidavit presented to the magistrate judge did not demonstrate the requisite probable cause to support issuance of the warrant.

When reviewing a district court's denial of a motion to suppress, we review findings of fact for clear error and conclusions of law de novo, United States v. Foster, 376 F.3d 577, 583 (6th Cir. 2004), viewing the evidence in the light most favorable to the government. United States v. Coffee, 434 F.3d 887, 892 (6th Cir. 2006).

A magistrate judge reviewing an application for a search warrant must consider the totality of the circumstances and "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462

U.S. 213, 238 (1983).  Probable cause may derive from information provided by a CI, so long as the information is "sufficiently detailed and corroborated by the independent investigation of law enforcement officers."  United States v. Lumpkin, 159 F.3d 983, 986 (6th Cir. 1998).

Based on the totality of the circumstances, we think the magistrate judge had a substantial basis to conclude that there was a fair probability that contraband would be found in Wagner's apartment.  The affidavit in support of the search warrant contained adequate detail regarding the controlled buy and substantially corroborated information provided by the CI, which was enough to support the magistrate judge's finding of probable cause.

**IV.**

The district court's judgment is **AFFIRMED**.